## GEORGE POTTER v. THE STATE.

1. FORGERY — VARIANCE. — Indictment for forgery set out the forged instrument *in hæc verba*, but did not otherwise allege the name of the person whose act it was intended to represent. According to the evidence, the name of that person was a different name than that signed to the instrument, and not *idem sonans*. *Held*, that the variance was fatal, and the evidence *does not sustain the conviction*.

2. FORMER ACQUITTAL constitutes no defence against an accusation of which the defendant could not have been convicted in his former prosecution.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. NUGENT.

The material facts are stated in the opinion. A term of four years in the penitentiary was the punishment assessed against the appellant.

*Martin & Niell*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. After its formal parts, the first count in the indictment charges that " George Potter, without lawful authority, and with intent to defraud, wilfully, feloniously, and falsely did make a certain false instrument in writing,

purporting to be the act of another, which said false instrument is as follows, that is to say : —

'december 4th, 1878, know all men by these presents that I, dandle oulal, do bargain and sell to N. M. Morehead one brown mair mule colt for the consideration

of $2 00

his

dandle ✕ oulal.

' Mr. Stephens, pleas let N. M. Morehead hav that mule I left with you,                              dandle oulal ; ' and that the said George Potter then and there feloniously and falsely did make said false instrument, with the felonious and fraudulent intent to defraud ; contrary to law, and against the peace and dignity of the State.'' A second count followed, alleging that defendant passed as true and genuine the false instrument, etc. Defendant was tried and convicted upon the first count, and his punishment was assessed at four years' imprisonment in the penitentiary. The view we take of the case will apply to either count.

All the evidence introduced by the State to sustain the indictment shows that the name of the party who owned the mule, the property in which was attempted to be affected and transferred by the alleged forged instrument, was one Daniel Aerl. This proof does not sustain the indictment. Had the allegation been that the instrument in writing purported to be the act of another, to wit, of one Daniel Aerl, then perhaps the evidence was admissible, and would doubtless have sustained the allegation. But no such allegation is made, and the name forged is the one signed to the instrument as set out *hæc verba*, viz., '' dandle oulal.'' Such being the allegation, and it being one descriptive of the identity of the offence, and in truth the *factum probandum* in the case, the State was bound to prove it as alleged. No other name could be proven. In this particular the variance being fatal, the judgment, not being supported by the evidence, will necessarily be reversed.

Defendant's special plea presented no bar to this prosecution, because it does not show that in the former case he was charged with the same offence. On the contrary, he alleges that he was charged with the theft of this mule. The two offences are not the same. *Irvin* v. *The State*, 7 Texas Ct. App. 78. Nor was the special plea good under the statute. Code Cr. Proc., art. 525.

It is unnecessary to notice other errors complained of, as they are not likely to arise on another trial. Because the evidence does not support the verdict and judgment, and consequently because the court erred in refusing a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*